# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **RORY O'NEAL SCALES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:10-CV-2516-VEH-PWG |
| | ) |
| **J.C. GILES, Warden, and the** | ) |
| **ATTORNEY GENERAL OF THE** | ) |
| **STATE OF ALABAMA,** | ) |
| | ) |
| Respondents, | ) |
| | ) |

## MEMORANDUM OPINION

This is an action seeking habeas relief pursuant to 28 U.S.C. § 2254, filed by Rory O'Neal Scales, an Alabama state prisoner acting *pro se*. (See Petition (hereinafter "Petition" or "Pet."), Doc.[1] 1). Upon preliminary review, the magistrate judge entered a Report and Recommendation ("R&R") recommending that the petition is due to be dismissed without prejudice to allow the petitioner to exhaust state remedies, while advising the petitioner that he may file an amended § 2254 petition that includes only those claims that have been exhausted in the Alabama state courts, if any, within thirty (30) days of an order adopting and accepting the R&R.

---

[1] References herein to "Doc. __" are to the docket numbers assigned by the Clerk of the Court to the pleadings filed in this matter.

(Doc. 2). The petitioner has filed a "motion to reconsider" the R&R. (Doc. 4). Attached to that motion are approximately 80 pages of documents related to the petitioner's direct appeal in the Alabama state courts, including his brief in the Alabama Court of Criminal Appeals, his brief seeking rehearing in that same court, his petition for certiorari in the Alabama Supreme Court, and the Alabama Supreme Court's denial of certiorari and certificate of certificate of judgment. (Doc. 4). The petitioner has also filed objections to the R&R pursuant to Rule 72(b)(2), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1). (Doc. 6). The court will treat the petitioner's motion to reconsider as raising additional objections to the R&R. The court concludes that the motion to reconsider is due to be denied, that the petitioner's objections are due to be overruled, and that magistrate's R&R is due to be accepted and adopted in full.

Nowhere in his motion or documentary materials does the petitioner dispute the magistrate's judge's finding that he has not sought post-conviction relief in the Alabama state courts pursuant to Rule 32, Ala. R. Crim. P. The documents clearly confirm the correctness of the magistrate judge's determination that the petitioner's instant § 2254 federal habeas application includes numerous claims that have not been exhausted in the Alabama state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Mancill v. Hall*, 545 F.3d 935, 939 (11th Cir. 2008). Indeed, it would now appear from the materials in the file that the

only claims that the petitioner has potentially exhausted are those presented in his petition for certiorari to the Alabama Supreme Court on direct appeal, which relate solely to the admission of evidence of a 911 call made by the petitioner's wife, statements made by his wife to a treating nurse and physician, and a DVD of statements she made to the police.  (*See* Doc. 4 at 55-56).  None of the petitioner's other claims presented in his § 2254 application, including his numerous claims of ineffective assistance of counsel, have been exhausted.

The court has considered the entire file in this action together with the magistrate judge's Report and Recommendation and the petitioner's objections and has reached an independent conclusion that the magistrate judge's Report and Recommendation is due to be adopted and approved.  Accordingly, the petitioner's "motion to reconsider" (Doc. 4) is due to be **DENIED**, his objections to the R&R (Doc. 6) are due to be **OVERRULED**, and the and the court hereby **ADOPTS** and APPROVES the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accordance with the recommendation, this action is due to be **DISMISSED WITHOUT PREJUDICE** to allow the petitioner to exhaust remedies available in the Alabama state courts.  *See Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Ogle v. Johnson*, 488 F.3d 136 (11th Cir. 2007).

The petitioner is advised that, if he so chooses, he may file in this court, within thirty (30) days of the entry of an order adopting and accepting this Report and Recommendation, an amended § 2254 petition that includes only his exhausted claims. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007); *Rhines*, 544 U.S. at 278; *Lundy*, 455 U.S. at 520 (plurality opinion). Should the petitioner opt to proceed in this court immediately under an amended § 2254 petition containing only those claims that are now exhausted, he should be aware that there is a *substantial probability* that no federal court will *ever* review any of his claims that now stand unexhausted, because of significant restrictions imposed upon the filing of a second or successive § 2254 petition once the first one has been resolved on its merits. *See* 28 U.S.C. § 2244(b)(3); *Burton*, 549 U.S. at 154.

An appropriate final order will be entered.

**DONE** this the 1st day of November, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge